United States District Court
Southern District of Texas

**ENTERED**

March 25, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| ALEX NGUYEN,<br><br>　　　Plaintiff.<br><br>V.<br><br>A.C. MIZELL, *et al.*,<br><br>　　　Defendants. | §<br>§<br>§<br>§<br>§　CIVIL ACTION NO. 3:25-cv-00204<br>§<br>§<br>§<br>§ |

### MEMORANDUM AND RECOMMENDATION

Defendants Kenneth Brown, Jr. and Wesley Devine have each filed a motion to dismiss. *See* Dkts. 28, 29. Having reviewed the briefing, the record, and the applicable law, I recommend that both motions be granted. I also recommend that the court sua sponte dismiss the remaining individual defendants for failure to timely effectuate service and dismiss the Board of Trustees of the Galveston Wharves (the "Board") and the Doe defendants for failure to state a claim upon which relief may be granted.

### BACKGROUND

This civil rights lawsuit arises from events concerning the July 4, 2023 arrest of Plaintiff Alex Nguyen. Nguyen alleges that "[o]n July 4, 2023," he "was approached, forcibly seized, and seriously injured by officers of the Port of Galveston Police Department – without cause[ and] without warning." Dkt. 18 at 1.

On July 1, 2025, Nguyen instituted this civil rights lawsuit against seven named defendants: A.C. Mizell, Fernando Herrera, Devine, Brown, Jennifer Matlage, the Port of Galveston Police Department, and the City of Galveston. *See* Dkt. 1. Nguyen also named 10 Doe defendants.

On October 16, 2025—three and a half months after Nguyen filed this lawsuit—Judge Jeffrey V. Brown entered an order observing that there had been

"no indication that the plaintiff has served or attempted to serve the defendants." Dkt. 7 at 1. Judge Brown gave Nguyen until December 15, 2025, to "either serve the defendants or show cause, in writing, as to why [his] claims against the defendants should not be dismissed for failure to timely serve them." *Id.* at 2. Judge Brown warned Nguyen: "Failure to do so may result in dismissal of this action." *Id.*

On October 20, 2025, Nguyen filed an affidavit executed by process server Jacqueline M. Williams. Williams swore under penalty of perjury that Devine was served with a summons and complaint on July 1, 2025. *See* Dkt. 8.

On October 22, 2025, the Clerk's office filed a docket entry showing that summonses were issued to Brown, Devine, and the Port of Galveston Police Department that same day. This October 22, 2025 docket entry is the first indication of the Clerk's office issuing any summonses in this matter.

On November 3, 2025, Nguyen filed returns of service of summons for Brown and the Port of Galveston Police Department. *See* Dkts. 9, 10.

On November 14, 2025, Brown and the Port of Galveston Police Department each filed motions to dismiss under Rule 12(b)(6). *See* Dkts. 11, 12. The Port of Galveston Police Department moved to dismiss because it "is not a separate legal entity" from the Galveston Wharves, "and is not subject to suit." Dkt. 12 at 4.

On January 14, 2026, Nguyen filed Plaintiff's First Amended Verified Complaint for Damages. *See* Dkt. 18. Nguyen dropped the Port of Galveston Police Department and the City of Galveston from his amended complaint, naming only Mizell, Herrera, Devine, Brown, Matlage, the Board, and 10 Does as defendants. At a hearing held that same day, I expressed concern that Devine had not been served with a proper summons issued by the Clerk's office (as opposed to a summons request completed by Nguyen). I ordered Nguyen to file a copy of the summons that was purportedly served on Devine by Friday, January 16, 2026. *See* Dkt. 19.

On January 16, 2026—in response to my order at the January 14, 2026 hearing—Nguyen filed a summons that was issued by the Clerk of Court on October

22, 2025, which is nearly four months *after* Williams swore that she served Devine with a summons and complaint. *See* Dkt. 21 at 2.

On January 29, 2026, I held a show-cause hearing at which Williams admitted that her affidavit of service incorrectly reflected that she had served Devine with a summons and complaint. In truth, Williams served Devine with only the complaint. I admonished Williams to ensure that she files accurate affidavits of service in the future.

On January 29, 2026, Devine filed a motion to dismiss for insufficient service of process under Rule 12(b)(5), and for failure to state a claim under Rule 12(b)(6). *See* Dkt. 28. On January 30, 2026, Brown filed a Rule 12(b)(6) motion to dismiss. *See* Dkt. 29. Nguyen has responded to both motions. *See* Dkts. 31, 32.

For the reasons discussed below, I recommend that: (i) both motions to dismiss be granted; (ii) that the court sua sponte dismiss the remaining individual defendants because Nguyen has never served them; and (iii) that the court sua sponte dismiss the Board and the Doe defendants because Nguyen cannot establish a constitutional violation.

**DISMISSAL FOR INSUFFICIENT SERVICE OF PROCESS**

A.    **LEGAL STANDARDS**

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). In addition to the court's sua sponte dismissal of a complaint for lack of service, a defendant may also move to dismiss a complaint for "insufficient service of process." Fed. R. Civ. P. 12(b)(5).

In either circumstance, "[w]hen service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990). "Proof of good cause requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or

ignorance of the rules usually does not suffice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (quotation omitted). "Additionally, some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required." *Id.* (quotation omitted). "Pro se status does not excuse a litigant's complete failure to effect service." *Sys. Signs*, 903 F.2d at 1013.

## B.    ANALYSIS

Nguyen has served only one of the defendants that he names in his operative pleading: Brown. Nguyen claims to have served Devine, but for the reasons discussed below, that service was insufficient. I recommend that Mizell, Herrera, Devine, and Matlage all be dismissed for insufficient service of process. Because Nguyen claims to have served Devine, and because Devine has filed a Rule 12(b)(5) motion, I will address Devine separately.

### 1.    *Failure to Serve Mizell, Herrera, and Matlage*

Judge Brown gave Nguyen until December 15, 2025, to "either serve the defendants or show cause, in writing, as to why [his] claims against the defendants should not be dismissed for failure to timely serve them." Dkt. 7 at 2. Judge Brown warned Nguyen in no uncertain terms: "Failure to do so may result in dismissal of this action." *Id.* Nguyen did not serve Mizell, Herrera, or Matlage by December 15, 2025. Nor did Nguyen request an extension of time to serve Mizell, Herrera, or Matlage by December 15, 2025. In fact, according to the docket sheet, Nguyen has never even requested summonses for Mizell, Herrera, or Matlage. Because Nguyen has made no attempt serve Mizell, Herrera, or Matlage, as ordered by Judge Brown, his claims against these defendants should be dismissed.

### 2.    *Failure to Serve Devine*

In connection with his motion to dismiss, Devine has submitted an unsworn declaration in which he admits that he "was served with a copy of the Plaintiff's Complaint" on July 1, 2025. Dkt. 28-1 at 2. Devine also declares, however, under penalty of perjury, that he has never been personally served with a summons, has

never received a summons in the mail, and has never had a summons left at his dwelling or usual place of abode. *See id.* Devine's declaration comports with the record, which shows that the Clerk's office never issued a summons for any defendant in this case until October 2025. Devine's declaration also comports with Williams's representations at the January 29, 2026 hearing, in which she admitted that she did *not* serve Devine with a summons. In response to the overwhelming evidence that Devine still has not received a summons in this matter, Nguyen argues that whether Devine received a summons involves "factual disputes inappropriate for resolution at the pleading stage" and that, in any event, Devine had actual notice of this proceeding. Dkt. 32 at 1. Nguyen's arguments are unavailing.

Nguyen "bears the burden of proving [the] validity [of service of process] or good cause for failure to effect timely service." *Sys. Signs*, 903 F.2d at 1013. That means that Nguyen should have provided this court with a copy of a summons issued by the Clerk's office on or before July 1, 2025, to establish that Devine received a summons on July 1, 2025, as Nguyen claims. Despite having ample opportunity to provide such proof, Nguyen has never done so.

In *System Signs*, the Fifth Circuit held that a district court did not abuse its discretion in dismissing a complaint for insufficient service of process even though the pro se litigant had "attempted service on the . . . defendants more than once within the statutory period and each defendant apparently had actual notice of the suit." 903 F.2d at 1013–14. The court found it significant that, as here, the court had advised the defendant "that service was defective." *Id.* at 1014. As with the plaintiff in *System Signs*, Nguyen "chose to dispute the validity of service" "[i]nstead of looking at the rules more closely." *Id.* Because Nguyen "had ample notice of a defect, but did not attempt correction," his case against Devine should be dismissed for failure to effect service. *Id.*

Nguyen's claims should be dismissed as to Mizell, Herrera, Devine, and Matlage for failure to effect service of process. I turn now to Nguyen's claims against Brown and the Board.

### DISMISSAL FOR FAILURE TO STATE A CLAIM

Nguyen asserts two § 1983 claims against Brown in his individual and official capacities: (1) unlawful seizure and false imprisonment in violation of the Fourth Amendment and (2) accusation absent crime in violation of the Sixth Amendment. Brown is the Chief of Police for the Port of Galveston Police Department. As such, claims against Brown in his official capacity are really claims against the Board. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." (quotation omitted)). Nguyen also seeks to hold the Board liable for the actions of Brown and the other individual defendants based on a theory of ratification.

Brown, the only defendant who has been served, moves to dismiss Nguyen's claims against him, arguing that Nguyen fails to state a claim upon which relief could be granted against him in either his official or individual capacities and, in any event, that Brown is entitled to qualified immunity for claims against him in his individual capacity. As explained below, Brown is unquestionably entitled to qualified immunity, and thus the dismissal of Nguyen's claims against him in his individual capacity. Because Nguyen cannot establish a constitutional violation, Brown (in his official capacity), the Board, and the Doe defendants are also entitled to have Nguyen's claims dismissed.[1]

---

[1] The Fifth Circuit has held that a district court does not err in allowing non-appearing defendants "to benefit from the appearing defendants' favorable [dispositive] motion." *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001). "The policy rationale for this rule is that it would be incongruous and unfair to allow some defendants to prevail, while not providing the same benefit to similarly situated defendants." *Id.* (cleaned up).

### A.    LEGAL STANDARD

#### 1.    *Rule 12(b)(6)*

A defendant may move to dismiss a complaint when a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Conversely, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (cleaned up).

When evaluating a Rule 12(b)(6) motion, I accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Cummings v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673, 675 (5th Cir. 2020) (quotation omitted). I "do not, however, accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Benfield v. Magee*, 945 F.3d 333, 336–37 (5th Cir. 2019) (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Fifth Circuit "hold[s] pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, but pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016); *see also Twombly*, 550 U.S. at 555.

7

### 2.  *Section 1983*

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quotation omitted).

To establish § 1983 liability against Brown in his individual capacity, Nguyen "must (1) allege a violation of a right secured by the Constitution or laws of the United States" and (2) demonstrate that each defendant was "acting under color of state law." *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). Even if Nguyen establishes that a constitutional right was violated, Brown is entitled to qualified immunity unless Nguyen can show that the constitutional right allegedly violated was clearly established at the time of Brown's alleged conduct.

### 3.  *Qualified Immunity*

"Qualified immunity protects government officials from civil liability in their individual capacity to the extent that their conduct does not violate clearly established statutory or constitutional rights." *Cass v. City of Abilene*, 814 F.3d 721, 728 (5th Cir. 2016).  It is a judicially created doctrine designed to avoid "the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office." *Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982). The doctrine arises from "the danger that fear of being sued will dampen the ardor of all but the most resolute, or the most irresponsible public officials, in the unflinching discharge of their duties." *Id.* (cleaned up).

"Once a defendant invokes qualified immunity, the burden shifts to the plaintiff to show that the defense is not available." *Kovacic v. Villarreal*, 628 F.3d 209, 211 (5th Cir. 2010). A plaintiff seeking to overcome qualified immunity must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (quotation omitted). "These steps may be considered in either order." *Shumpert v. City of Tupelo*, 905 F.3d 310, 320 (5th Cir. 2018).

The first step asks whether the alleged facts "show the officer's conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If Nguyen's allegations, viewed favorably, do not establish a constitutional violation, no further inquiry is necessary. *See id.* The second step "asks whether the right in question was clearly established at the time of the violation." *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (quotation omitted). Brown is "shielded from liability for civil damages if [his] actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quotation omitted). "A right is clearly established only if the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Mote v. Walthall*, 902 F.3d 500, 505 (5th Cir. 2018) (quotation omitted). "[T]he salient question . . . is whether the state of the law" at the time of the incident provided Brown with "fair warning that [his] alleged treatment of [Nguyen] was unconstitutional." *Hope*, 536 U.S. at 741. Nguyen bears a heavy burden on this prong because a right is clearly established only if relevant precedent has "placed the statutory or constitutional question beyond debate." *al-Kidd*, 563 U.S. at 741.

"[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense

9

with equal specificity." *Arnold v. Williams*, 979 F.3d 262, 267 (5th Cir. 2020) (quotation omitted).

* * *

With these principles in mind, I will address Nguyen's claims against Brown.

**B.    ANALYSIS**

### 1.    *Nguyen's Allegations*

I will assume for the sake of argument that Brown (and each of the other individual defendants) was acting under color of state law. Even so, Nguyen cannot show that Brown "violated a . . . constitutional right." *al-Kidd*, 563 U.S. at 735.

Nguyen's complaint is heavy on legal conclusions and light on factual details. I accept all well-pleaded factual allegations as true. Unfortunately, these are the only factual allegations that I can discern from the First Amended Complaint:

- Nguyen was arrested by unidentified officers of the Port of Galveston Police Department on July 4, 2023.
- Mizell, Herrera, Devine, Brown, and Matlage are all officers, agents, or employees of the Port of Galveston Police Department.
- Nguyen did not "injure, threaten, or attempt to injure" anyone.
- Nguyen did not have a warrant out for his arrest.
- "Defendants issued commands and restricted [Nguyen]'s freedom of movement."
- "Defendants physically seized [Nguyen] and placed him under custodial arrest."
- Nguyen "did not consent to the seizure or detention."
- "No Defendant articulated the existence of a warrant, an ongoing crime, or any immediate necessity."
- Nguyen "was transported against his will to a detention facility."
- Nguyen "was booked, processed, and confined."
- Nguyen "was released without any . . . adjudication."
- Nguyen "experienced physical pain and injury as a result of being forcibly seized and restrained."

- Nguyen "sought medical evaluation and treatment following the detention.

Dkt. 18 at 1–5. Again, these are the only *facts* alleged in Nguyen's operative pleading.

The rest of Nguyen's complaint is filled with legal conclusions. For example, Nguyen's allegation that he "was not committing, had not committed, and was not about to commit any crime" is a legal conclusion. *Id.* at 4. So too is: "Plaintiff suffered loss of liberty, emotional distress, reputation harm, and other injuries as a direct result of Defendants' actions." *Id.* at 5. I do not "accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Benfield*, 945 F.3d at 336–37 (cleaned up).

If, considering his pro se status, I look to Nguyen's original complaint, I can glean a few additional facts:

- On the morning of July 4, 2023, Nguyen was parked in his truck in a public parking area adjacent to the Galveston docks.
- An unidentified woman asked Nguyen to move his truck, claiming that he was blocking a parking space. When Nguyen declined, the woman called the police.
- "Mizell, Herrera, Devine, and other officers" arrived in response.
- Mizell and Herrera ordered Nguyen to move his vehicle and threatened arrest.
- Unidentified officers ultimately arrested Nguyen and charged him with unidentified criminal offenses.
- The arrest injured Nguyen's right wrist, and that injury caused and continues to cause Nguyen great pain.
- Nguyen was later released from custody and the charges against him were dropped in August 2023.

Dkt. 1 at 4–5.

The only factual allegation specific to Brown in either Nguyen's original or amended complaint is this:

Defendant KENNETH BROWN JR. ("**Brown**") is, upon information and belief, a man of the age of majority, who at all relevant times was

> acting as an officer, agent, or employee of the Port of Galveston Police Department, within the boundaries of the Texas republic, under color of law. Brown identified himself to Plaintiff as Chief of Police, who is responsible for the supervision, training, and discipline of officers under him. Sued in both individual and official capacities.

Dkt. 1 at 3; Dkt. 18 at 3.

Given the paucity of these allegations, Nguyen cannot plausibly establish a constitutional violation by Brown (or any other defendant).

### 2.   *Nguyen Does Not State a Claim Against Brown*

Nguyen does not state a claim against Brown because Nguyen does not allege any affirmative action by Brown other than the fact that "Brown identified himself to [Nguyen] as Chief of Police." Dkt. 18 at 3. In his response to Brown's motion to dismiss, Nguyen states that his First Amended Complaint (1) "alleges that Chief Brown . . . personally reviewed body-worn camera footage and surveillance of the incident;" (2) that Brown "issued a written determination finding the arrest 'justified' despite the absence of probable cause and the subsequent dismissal of all charges:"; and (3) that Brown's "findings served to ratify and approve the unconstitutional conduct of subordinate officers." Dkt. 31 at 2. To start, only the first allegation and part of the second allegation are factual allegations. Nguyen's assertions that there was an absence of probable cause for his arrest and that Brown's actions ratified the subordinate officers' conduct are legal conclusions, not factual allegations. Additionally, Nguyen did not allege anywhere in his original or amended complaint that Brown "personally reviewed body-worn camera footage and surveillance of the incident." *Id.* In fact, the words "camera," "footage," and "surveillance" do not appear in either document. *See* Dkt. 1; Dkt. 18. That is not to say, however, that if Nguyen had made such an allegation, that it would make a difference. It would not.

Because Nguyen does not allege that Brown was personally involved in Nguyen's arrest, Brown can only be liable in his individual capacity if Nguyen alleges that Brown "personally was involved in the constitutional violation or that

there is a sufficient causal connection between the [Brown]'s conduct and the constitutional violation." *Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003) (quotation omitted). This test presumes that Nguyen can establish a constitutional violation. He cannot.

"[W]hen a plaintiff sues a public official under § 1983, the district court must insist on heightened pleading by the plaintiff." *Morin v. Caire*, 77 F.3d 116, 121 (5th Cir.1996). "Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiffs' injury." *Reyes v. Sazan,* 168 F.3d 158, 161 (5th Cir.1999). "The case should not be allowed to proceed unless plaintiffs can assert specific facts that, if true, would overcome the defense." *Fisher v. Dallas County*, 299 F.R.D. 527, 532 (N.D. Tex. 2014). Nguyen does not identify which officers arrested him, what he was arrested for, or which officers injured him. Nguyen's "failure to attribute conduct to any of the Individual Defendants or to separate out the allegations against the various Individual Defendants makes it impossible to determine whether the defendant in question acted in an objectively unreasonable manner in light of clearly established constitutional standards." *Id.* at 532–33. Accordingly, Nguyen has failed to establish a constitutional violation by Brown or any other defendant.

Because Nguyen has not established a constitutional violation, his claims against Brown (in both his individual and official capacities), the Board, and the Doe defendants must be dismissed. *See Romero v. City of Grapevine*, 888 F.3d 170, 178 (5th Cir. 2018) (holding that claims against a municipality "cannot survive" where the plaintiff "failed to demonstrate" a constitutional violation); *Whitley v. Hanna*, 726 F.3d 631, 648 (5th Cir. 2013) ("All of Whitley's inadequate supervision, failure to train, and policy, practice, or custom claims fail without an underlying constitutional violation."); *Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006) ("[A] plaintiff must show either the supervisor personally was involved in the constitutional violation or that there is a sufficient causal connection between the supervisor's conduct and the constitutional violation. It is

13

facially evident that this test cannot be met if there is no underlying constitutional violation." (cleaned up)).

## CONCLUSION

For the reasons discussed above, I recommend that the two pending motions to dismiss (Dkts. 28, 29) be granted, that the court sua sponte dismiss the remaining individual defendants for failure to effect service of process, and that the court sua sponte dismiss the Board and the Doe defendants for failure to state a claim.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this **25** day of March 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

14