United States District Court
Southern District of Texas

**ENTERED**

April 23, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| ALEX NGUYEN, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | 3:25-cv-00204 |
| | § | |
| A.C. MIZELL, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S
MEMORANDUM AND RECOMMENDATION**

On January 13, 2026, all pretrial matters in this case were referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1). Dkt. 15. Judge Edison filed a memorandum and recommendation on March 25, 2026, recommending that two pending motions to dismiss (Dkts. 28, 29) be granted, that the court sua sponte dismiss the remaining individual defendants for failure to effect service of process, and that the court sua sponte dismiss the claims against the Board of Trustees of the Galveston Wharves (the "Board") and the Doe defendants under Rule 12(b)(6). Dkt. 35.

On April 8, 2026, the plaintiff filed his objections to the memorandum and recommendation. Dkt. 38. In accordance with 28 U.S.C. § 636(b)(1)(C), this court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the court may

"accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The court has carefully considered the objections; the memorandum and recommendation; the pleadings; and the record. The court accepts Judge Edison's memorandum and recommendation and adopts it as the opinion of the court.

In addition to his objections, the plaintiff requests leave to file a second amended complaint and an extension of time to effect service. The court will grant plaintiff leave to file a second amended complaint as to Defendants Kenneth Brown, Jr., the Board, and the Doe defendants. The court denies, however, the plaintiff's request for an extension of time to effect service. On October 16, 2025, the court warned the plaintiff that failure to "either serve the [unserved] defendants or show cause, in writing, as to why [his] claims against the defendants should not be dismissed for failure to timely serve them" by December 15, 2025 "may result in dismissal of this action." Dkt. 7 at 2. The court denies plaintiff's request for additional time to serve, which is made nearly four months after the court's deadline.

It is therefore ordered that:

(1)    Judge Edison's memorandum and recommendation (Dkt. 35) is approved and adopted in its entirety as the holding of the court;

(2)    Plaintiff's claims against Defendants A.C. Mizell, Fernando Herrera, Wesley Devine, and Jennifer Matlage are dismissed;

(3)    Plaintiff's first amended complaint (Dkt. 18) is dismissed without prejudice;

(4)     Plaintiff may file a second complaint as to only Brown, the Board, and the Doe defendants by Friday, May 8, 2026.

SIGNED on Galveston Island this 23rd day of April, 2026.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE