United States District Court
Southern District of Texas
**ENTERED**
July 13, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| ALEX NGUYEN, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00204 |
| | § | |
| A.C. MIZELL, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND RECOMMENDATION

Defendants The Board of Trustees of the Galveston Wharves (the "Board") and Kenneth Brown, Jr. have each filed a motion to dismiss. *See* Dkts. 42, 43. The court is familiar with the facts of this case because this is the second round of motion to dismiss briefing. *See* Dkt. 35 at 1–3. Having reviewed the briefing, the record, and the applicable law, I recommend that both motions be granted. I also recommend that the court sua sponte dismiss the Doe defendants for failure to state a claim upon which relief may be granted.

## DISMISSAL FOR FAILURE TO STATE A CLAIM[1]

Plaintiff Alex Nguyen asserts the following claims: (1) Fourth Amendment unlawful seizure/false arrest against the Doe defendants and the Board; (2) Fourth Amendment excessive force against the Doe defendants and the Board; (3) *Monell* ratification against the Board; (4) *Monell* failure to train, supervise, discipline, and correct against the Board; and (5) personal ratification, supervisory liability, and deliberate indifference against Brown.[2]

---

[1] The Board argues for dismissal under Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 4(m) in addition to dismissal under Rule 12(b)(6). I do not reach these arguments because Plaintiff Alex Nguyen fails to state a claim upon which relief may be granted.

[2] Nguyen also asserts an official capacity claim against Brown. This claim is redundant to Nguyen's claims against the Board. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." (quotation omitted)).

### A. LEGAL STANDARD

A defendant may move to dismiss a complaint when a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Conversely, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (cleaned up).

When evaluating a Rule 12(b)(6) motion, I accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Cummings v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673, 675 (5th Cir. 2020) (quotation omitted). I "do not, however, accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Benfield v. Magee*, 945 F.3d 333, 336–37 (5th Cir. 2019) (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Fifth Circuit "hold[s] pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, but pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016); *see also Twombly*, 550 U.S. at 555.

* * *

In considering whether Nguyen states a claim against the Board, Brown, or the Doe defendants, I have relied solely on Nguyen's operative pleading, *see* Dkt. 40, and not any of the evidence attached to the motions to dismiss.

## B. NGUYEN FAILS TO STATE A *MONELL* CLAIM

"In *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that Congress intended [42 U.S.C.] § 1983 to apply to local government entities as well as to persons." *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994) (cleaned up). The Fifth Circuit has explained the contours of *Monell* liability:

> Under the decisions of the Supreme Court and this court, municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom. *Monell* and later decisions reject municipal liability predicated on *respondeat superior*, because the text of section 1983 will not bear such a reading. Consequently, the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability. The three attribution principles identified here—a policymaker, an official policy and the "moving force" of the policy—are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself. Mistakes in analyzing section 1983 municipal liability cases frequently begin with a failure to separate the three attribution principles and to consider each in light of relevant case law.

*Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (cleaned up).

Official policy exists in two forms. "First, a plaintiff may point to a policy statement formally announced by an official policymaker." *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168 (5th Cir. 2010). Second, an official policy may "arise in the form of a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (quoting *Piotrowski*, 237 F.3d at

579). "A policy or custom is official only 'when it results from the decision or acquiescence of the municipal officer or body with "final policymaking authority" over the subject matter of the offending policy.'" *Peterson*, 588 F.3d at 847 (quoting *Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)). "State law determines whether a particular individual is a county or municipality final decision maker with respect to a certain sphere of activity." *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996).

A custom or policy can be shown by "a pattern of unconstitutional conduct . . . on the part of municipal actors or employees," or where "a *final policymaker* took a single unconstitutional action." *Zarnow*, 614 F.3d at 169. "A customary policy consists of actions that have occurred for so long and with such frequency that the course of conduct demonstrates the governing body's knowledge and acceptance of the disputed conduct." *Id.* "Allegations [or proof] of an isolated incident are not sufficient to show the existence of a custom or policy." *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992). To plausibly "plead a practice so persistent and widespread as to practically have the force of law, [Nguyen] must do more than describe the incident that gave rise to his injury." *Ratliff v. Aransas County*, 948 F.3d 281, 285 (5th Cir. 2020) (quotation omitted).

Nguyen identifies the Board and Brown as official policymakers, and, in conclusory terms, identifies several customs and practices that he believes caused the violation of his constitutional rights:

> 102. Upon information and belief, Brown and the Board maintained, permitted, or failed to correct a custom or practice under which Port police officers used criminal-law authority to enforce private, administrative, commercial, or property-management preferences at the Port, including private demands concerning parking or access, even where no crime, traffic obstruction, trespass warning, lawful exclusion order, or immediate threat existed.
>
> 103. Upon information and belief, Brown and the Board maintained, permitted, or failed to correct a custom or practice under which Port police officers escalated nonviolent compliance disputes into custodial arrests.

> 104. Upon information and belief, Brown and the Board maintained, permitted, or failed to correct a custom or practice under which Port police officers treated refusal to immediately comply with an officer's command, or refusal to produce identification before lawful arrest, as grounds for physical seizure or arrest.
>
> 105. Upon information and belief, Brown and the Board maintained, permitted, or failed to correct a custom or practice under which Port police officers charged or threatened resisting arrest after officers initiated physical force without lawful grounds.
>
> 106. Upon information and belief, Brown and the Board maintained, permitted, or failed to correct a custom or practice under which internal complaints against Port police officers were reviewed within the same command structure responsible for the officers, without meaningful independent review.
>
> 107. Upon information and belief, the Board's policy, custom, practice, delegation, failure to train, failure to supervise, failure to discipline, and ratification were moving forces behind the violation of Plaintiff's Fourth Amendment rights.

Dkt. 40 at 10.

The Fifth Circuit has held that the "description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997). Nguyen does not, however, describe or explain in any detail how any policy or custom played a part in causing a constitutional violation. "Instead, the complaint's only *specific facts* appear in the section laying out the events that gave rise to this action. Thus, [Nguyen]'s complaint clearly does not satisfy *Twombly* or *Iqbal* with respect to the allegation[s] that" Brown and the Board maintained the customs and practices that Nguyen believes gave rise to the constitutional violations he alleges. *Ratliff*, 948 F.3d at 285 (emphasis added). Accordingly, Nguyen's claims against the Board should be dismissed for failure to state a *Monell* claim.

## C. NGUYEN FAILS TO STATE A CLAIM AGAINST BROWN

Nguyen asserts a single claim against Brown in his individual capacity: "Personal Ratification, Supervisory Liability, and Deliberate Indifference." Dkt. 40

at 15. Specifically, Nguyen contends that Brown is liable because Brown "personally participated in the post-incident review, personally reviewed or claimed to review the evidence, personally determined that the arrest was justified, and personally failed to correct, refer, discipline, or retrain after reviewing the evidence." *Id.*

To plead Brown's liability for actions taken after the alleged constitutional violations at issue, Nguyen must plead that "(1) [Brown] either failed to supervise or train the subordinate officer; (2) a causal link exists between the failure to train or supervise and the violation of [Nguyen]'s rights, and (3) the failure to train or supervise amounts to deliberate indifference." *Davidson v. City of Stafford*, 848 F.3d 384, 397 (5th Cir. 2017), *as revised* (Mar. 31, 2017).

"Deliberate indifference is a stringent standard of fault, requiring [allegations] that [Brown] disregarded a known or obvious consequence of his action." *Est. of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997)). "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and do not divest officials of qualified immunity." *Est. of Davis*, 406 F.3d at 381 (quoting *Alton v. Tex. A&M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999)).

The Fifth Circuit has explained the two ways in which a plaintiff may allege deliberate indifference: "First, a plaintiff may demonstrate that a municipality had notice of a pattern of similar violations. Second, a plaintiff may demonstrate liability based on a single incident if the constitutional violation was the highly predictable consequence of a particular failure to train." *Davidson*, 848 F.3d at 397 (cleaned up).

As an initial matter, Nguyen fails to allege that the Board or Brown had notice of a pattern of similar violations. Thus, Nguyen must allege that the incident at issue was "the highly predictable consequence of a particular failure to train." *Id.* Nguyen's amended complaint contains nothing more than conclusory

allegations about training, and there are certainly no factual allegations suggesting that the incident at issue was a highly predictable consequence of a particular failure to train. Plaintiffs "seeking recovery under a failure to train or supervise rationale must prove that the police chief failed to control an officer's known propensity for the improper use of force." *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) (quotation omitted).

To borrow the words of my esteemed colleague, Judge Sim Lake:

> There are no allegations here that the officers at issue had not received any training or supervision, or that they had been involved in any cases involving the improper use of excessive force or [unlawful seizures] while responding to calls involving [private parking disputes]. Instead, [Nguyen] merely alleges that the training all [Port of Galveston] police officers received as a result of Chief [Brown]'s policies was not enough and that more or different training or supervision would have prevented [Nguyen's] injuries. Such allegations are not sufficient to state a claim for failure to train or supervise against Chief [Brown] in his personal capacity.

*Khansari v. City of Houston*, 14 F. Supp. 3d 842, 867 (S.D. Tex. 2014). Accordingly, Nguyen's claim against Brown should be dismissed.

### D. NGUYEN FAILS TO STATE A CLAIM AGAINST THE DOE DEFENDANTS

Nguyen does not differentiate between the Doe defendants and does not identify any specific Doe defendant's alleged actions. "Such broad and unspecific allegations against unknown persons simply cannot satisfy the 'personal involvement' requirement for civil-rights claims." *Bellard v. Univ. of Tex. Md Anderson Cancer Ctr.*, No. 3:22-cv-88, 2023 WL 6373906, at *7 (S.D. Tex. May 16, 2023). Accordingly, Nguyen cannot state a claim against any Doe defendant. The court should dismiss Nguyen's claims against the Doe defendants sua sponte.

## CONCLUSION

For the reasons discussed above, I recommend that the two pending motions to dismiss (Dkts. 42, 43) be granted, and that the court sua sponte dismiss the Doe defendants for failure to state a claim.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 13th day of July 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE